IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBINETTE CAIN,** | CASE NO. 4:11CV0042 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| v. | MAGISTRATE JUDGE GREG WHITE |
| **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** | |
| Defendant. | REPORT AND RECOMMENDATION |

Plaintiff Robinette Cain ("Cain") challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying Cain's claim for Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423.[1]  This matter is before the Court pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).

For the reasons set forth below, it is recommended that the final decision of the Commissioner be vacated and remanded for further proceedings consistent with this Report and Recommendation.

**I.  Procedural History**

On February 28, 2005, and September 17, 2007, Cain filed applications for POD and DIB alleging a disability onset date of July 6, 2004.  She claimed disability due to "depression, ptsd, displacement cervical disc with myelopathy, brachial neuritis, radial colitis, fibromyalgia, chronic fatigue, reactive, lymanitis, hyperlypidemia, hypertension, hypothyroid, chronic pain, migraine headaches, head and neck pain[, and] recurrent viruses."  (Tr. 115-117; 60, 150.)  Her applications were denied both initially and upon reconsideration.  Cain timely requested an

---

[1]On May 11, 2005, Cain also filed a claim for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381, 20 C.F.R. § 416.  This claim was denied as Cain's nonexcludable resources exceeded statutory limitations.  (Tr. 10.)

administrative hearing regarding her September 17, 2007, application.

On October 8, 2009, an Administrative Law Judge ("ALJ") held a hearing during which Cain, represented by a non-attorney, testified. Larry Ostrowski, Ph.D., an impartial Vocational Expert ("VE"), also testified. On January 5, 2010, the ALJ found Cain was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

## II. Evidence

### *Personal and Vocational Evidence*

Cain was a younger individual as of the date of the hearing. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987); 20 C.F.R. § 404.1563(c) ("If you are a younger person (under age 50), we generally do not consider that your age will seriously affect your ability to adjust to other work.") (Tr. 24.) Cain has a high school education and past relevant work as a medical technologist. *Id*.

### *Hearing Testimony*

At the hearing, Cain testified to the following:

- She is 5'5" and weighs 181 pounds. (Tr. 30.)

- She has a driver's license and drives about 15 miles per week. (Tr. 30-31.)

- She smokes about 17 cigarettes per day. (Tr. 31.)

- The last time she had an alcoholic beverage or used drugs was November 6, 2008. *Id*.

- She relapsed in approximately September, 2007, after being sober for over five years. (Tr. 41-43.)

- She does her own shopping and laundry. (Tr. 31-32.) Her boyfriend cleans the house, including vacuuming, dusting, and washing the dishes. (Tr. 32.) He also does the yard work. *Id*. The only cooking Cain does is heating food in the microwave. *Id*.

- She walks her dog around the yard. *Id.*

- She experiences side effects from her medications, including drowsiness, heartburn, and constipation. (Tr. 33.)

- She has never had a psychiatric admission. *Id*.

- She has had outpatient counseling for mental health issues and has attended 12-step meetings. *Id.*

- She experiences level seven pain daily in her head, arms, hands, shoulders, lower back, hips, legs, feet, and ribs. (Tr. 34.) The pain is worse after activity. (Tr. 34-35.) She has headaches three times per week, lasting a full day. (Tr. 35.) On these days, she takes a pain pill and muscle relaxer and stays in bed. *Id.*

### III. Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).[2]

A claimant is entitled to a POD only if: (1) she had a disability; (2) she was insured when she became disabled; and (3) she filed while she was disabled or within twelve months of the date the disability ended. 42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

Cain was insured on her alleged disability onset date, July 6, 2004, and remained insured through December 31, 2008. (Tr. 25.) Therefore, in order to be entitled to POD and DIB, Cain must establish a continuous twelve month period of disability commencing between those dates. Any discontinuity in the twelve month period precludes an entitlement to benefits. *See Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir. 1988); *Henry v. Gardner,* 381 F. 2d 191, 195 (6th Cir. 1967).

---

[2] The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

### IV. Summary of Commissioner's Decision

The ALJ found Cain established medically determinable, severe impairments, due to "Disorders of the Back with Degenerative Disk Disease of the Cervical Spine; Thyroid Disease; Fibromyalgia Syndrome; Obesity; Residual Effects, Status-Post Hysterectomy; Mood Disorders; Borderline Personality Disorder; Anxiety/Post Traumatic Stress Disorder and Polysubstance Dependence with a History of Abuse (*i.e.*, cocaine and alcohol)"; however, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Cain was found incapable of performing her past work activities, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of both light and/or sedentary work. The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Cain is not disabled.

### V. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270,

273 (6th Cir. 1997).")  This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.  *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must consider whether the proper legal standard was applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations or failure to provide the reviewing court with a sufficient basis to determine that the Commissioner applied the correct legal standards are grounds for reversal where such failure prejudices a claimant on the merits or deprives a claimant of a substantial right.  *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

### VI. Regulatory Requirements when Drug Abuse and Alcoholism Are at Issue

In the Contract with America Act of 1996 ("Welfare Reform Act"), Pub.L.No. 104–121, 110 Stat. 852, 853 (eff. Mar. 29, 1996), Congress amended the Social Security Act to prohibit the award of benefits to individuals for whom alcoholism or drug addiction is a contributing factor material to their disability determination.  *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). The House Report on the Act specifically states that this law was enacted to:

> eliminate payment of cash Social Security and SSI disability benefits to drug addicts and alcoholics, to ensure that beneficiaries with other severe disabilities who are also drug addicts or alcoholics are paid benefits through a representative payee and referred for treatment and to provide additional funding to States to enable recipients to continue to be referred to treatment sources ....

H.R. 104–379, 104th Cong., 1995 WL 717402 (Leg. Hist.) at *20 (Dec. 4, 1995).

Section 404.1535 of Title 20 of the Code of Federal Regulations govern whether a claimant's drug or alcohol use is a contributing factor material to the determination of disability.[3]

---

[3]Section 404.1535 states:

How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.

a) General. If we find that you are disabled and have medical evidence of your

5

The primary factor driving a drug abuse and alcoholism disability determination is whether the individual would be disabled if she stopped using drugs or alcohol. In order to determine whether a claimant's alcohol or drug use precludes one from receiving Social Security benefits, the ALJ must first determine whether a claimant is disabled and then determine whether alcohol or drug use is a material contributor to the determination of disability, *i.e.* whether severe enough limitations would remain in the absence of alcoholism or drug addiction. 20 C.F.R. § 404.1535(a); *Parton v. Comm'r of Soc. Sec.*, 2008 WL 4657086, * 9 (S.D. Ohio, Oct. 21, 2008) (Remand necessary for further evidence, "including a mental RFC finding based on what limitations remain in the absence of plaintiff's drug use and the subsequent five step sequential analysis . . . .") If the ALJ completes the five-step process and determines that a claimant is disabled with substance abuse, the ALJ must then proceed to conduct a second five-step analysis in order to determine if the claimant would still be disabled without the substance abuse.

---

> drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

*Underwood v. Comm'r of Soc. Sec.*, No. 4:08-CV-2540, 2010 WL 424970 at *6, *10 (N.D. Ohio Jan 22, 2010).

In other words, the regulations require the Commissioner to first determine if the "gross total of a claimant's limitations, including the effects of substance use disorders, suffices to show disability" before considering the net total of "which limitations would remain when the effects of the substance use disorders are absent." *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003). It constitutes legal error to "discount" impairments based upon substance abuse when calculating the "gross" total of a claimant's limitations. *Id.*, *see also Major v. Astrue*, 2011 3566778, *5-9 (S.D. Ohio Jun. 30, 2011).

In *Brueggemann*, the ALJ "purported to follow the standard five-step procedure to determine whether [the claimant] satisfied the Social Security disability standards, but took into consideration the plaintiff's alcohol and drug abuse during the first sequential process, by giving "little weight" to the treating psychiatrist's opinion that substance abuse was the "root of his problems." *Brueggemann*, 348 F.3d at 694. The ALJ in *Brueggemann* also failed to cite to the relevant regulation. *Id*. The Eighth Circuit concluded that such failure is "not a mere drafting oversight, but accurately reflected [the ALJ's] failure to follow the procedures prescribed . . ." *Id*. "The Commissioner has duly promulgated regulations in this area, which the ALJ may not silently disregard." *Id*. The *Brueggemann* Court concluded that because the ALJ did not follow proper procedure, his decision was not harmless error as it was unclear whether the same decision would have been reached if proper weight had been given to the medical evidence factoring in claimant's alcoholism. *Id*. at 695-696.

The policy reason behind the regulation is that it reduces any judicial bias as it gives clear guidelines on when and how to analyze a claimant's substance abuse. *Major*, 2011 WL 3566778, *8. For example, an ALJ with an inherent view of "addiction as illness" may reach a radically different conclusion than an ALJ who views substance abuse issues as a "lifestyle choice." *Id*.

A claimant bears the burden of proving that alcoholism or drug addiction is not a contributing factor material to the claimed disability. *See Parra v. Astrue*, 481 F.3d 742, 748

7

(9th Cir. 2007) ("We thus make explicit what was intimated by our earlier cases, that the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability."); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ( "[Plaintiff] carries the burden of proving her substance abuse is not a contributing factor material to the claimed disability."). The ALJ, however, retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002). "If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow." *Fastner v. Barnhart*, 324 F.3d 981, 86 (8th Cir. 2003); *see also Brueggemann*, 348 F.3d at 693 ("In colloquial terms, on the issue of the materiality of alcoholism, a tie goes to [the claimant].")

### VII. Analysis

Cain claims the ALJ erred by (1) failing to comply with 20 C.F.R. § 404.1535 in determining whether substance abuse was a material factor; and, (2) substituting her own judgment for that of Cain's treating physicians. (Doc. No. 16 at 4-9.)

The Commissioner contends that since the ALJ determined Cain was not disabled, there was no obligation to conduct the second five-step analysis pursuant to § 404.1535. (Doc. No. 20 at 13.) The Commissioner also argues that the ALJ did not deny disability benefits to Cain because of her history of alcohol and cocaine abuse, but rather, because she remained capable of performing other work in the economy. (Doc. No. 20 at 15.)

Michael L. Black, M.D., Cain's primary treating physician throughout the relevant period, prescribed medications for hypertension, fibromyalgia, restless leg syndrome, and thyroid problems. (Tr. 159.) On October 5, 2009, Dr. Black provided a medical source statement assessing Cain with fibromyalgia, chronic pain, depression, hypertension, and hypothyroidism. (Tr. 782.) He further reported that Cain had symptoms of pain and fatigue that constantly interfered with attention and concentration needed to perform even simple work. (Tr. 782-784.) He opined that Cain was incapable of low stress jobs, and estimated that she could sit for four hours and stand/walk for less than two hours. *Id*. He indicated that Cain would need to

8

take unscheduled breaks during an eight-hour work day. (Tr. 783-784.) He also noted that she could only rarely carry ten pounds, and occasionally carry less than ten pounds. *Id*. Dr. Black, however, did not provide explanations in support of these conclusions. (Tr. 783.) The ALJ gave limited weight to Dr. Black's opinion, specifically noting that the doctor failed to account for the functional impact of Cain's substance abuse, as follows:

> [F]rom examining the full record, Dr. Black appears to have placed too great of weight on the claimant's subjective statements, and overstates her limitations. Dr. Black also failed to sufficiently account for the functional impact of the claimant's ongoing polysubstance use/abuse. Finally, the Administrative Law Judge believes that Dr. Black's conclusions as to the claimant's limitations are overly severe and inconsistent with the full longitudinal record. Therefore, the undersigned accords limited weight to the findings and observations of Dr. Black.

(Tr. 20.)

Vincent Paolone, M.D., a treating psychologist, completed a mental residual functional capacity questionnaire on May 1, 2008. (Tr. 686-689.) He reported that Cain was "unable to meet competitive standards" in her ability to maintain attention for two-hour segment; maintain regular attendance; complete a normal workday and workweek without interruptions; perform at a consistent pace without an unreasonable number and length of rest periods; understand and remember detailed instructions; and, carry out detailed instructions. (Tr. 687-688.) Dr. Paolone opined that Cain would be absent from work more than four days per month. (Tr. 689.) He also concluded that alcohol or substance abuse did not exacerbate any of her impairments. *Id*. The ALJ, however, gave "very little weight" to Dr. Paolone's opinion, as follows:

> The Administrative Law Judge accords very little weight to Dr. Paolone's findings and conclusions for a number of reasons. First, the undersigned does not believe that the claimant['s] substance abuse does not contribute to any of her limitations. In particular, substance use and abuse ultimately can impact the effectiveness [of] psychiatric medication, and the claimant's overall state of mind in coping with problems in her life. Furthermore, substance use/abuse can also interfere with the effects of other medications. The undersigned further believes that such findings are inconsistent with the ongoing daily activities conducted by the claimant. Dr. Paolone further appears to have placed too great of weight on the claimant's subjective statements, and overstates her limitations. Finally, the Administrative Law Judge believes that Dr. Paolone's conclusions as to the claimant's limitations are overly severe and inconsistent with the full longitudinal record. Therefore, little weight is given to the findings of Dr. Paolone.

\* \* \*

Once again, the Administrative Law Judge believes the claimant's functionality

9

> would likely improve significantly were she to refrain from substance use/abuse, and to pursue and comply with rehabilitative treatment. The claimant's blatant polysubstance use/abuse and her ability to engage in daily activities raises questions as to the legitimacy of her pain and other alleged symptoms.

(Tr. 23.)

A consultative psychologist, John F. Grzebieniak, Ph.D., at the request of the Commissioner, evaluated Cain on December 4, 2007. He assessed Cain with "a significant personality disorder of the 'borderline type,'" while noting that she continued with her cocaine addiction and alcohol abuse, and was "not motivated for self-support and sustenance." (Tr. 611.) From Dr. Grzebieniak's report, the ALJ noted:

> Dr. Grzebieniak further reported that the claimant continued in her cocaine addiction and alcohol abuse. In particular, the claimant identified herself as a recovering cocaine addict but admitted to sporadic use of the drug as well as weekly alcohol intoxication. (Exhibit 20F4/6). The Administrative Law Judge believes the claimant's functionality would likely improve significantly were she to refrain from substance use/abuse, and to pursue and comply with rehabilitative treatment. The claimant's blatant polysubstance use/abuse, during the relevant period of time, raises questions as to the legitimacy of her pain and other alleged symptoms, and such may have hampered the effectiveness of her treatment.

(Tr. 21.)

The ALJ failed to apply the regulation regarding the effect of substance abuse. The ALJ erred by prematurely discounting Cain's symptoms and improperly using her substance abuse as a basis both for minimizing Cain's symptoms and for giving limited or very little weight to her treating physicians' opinions. Also, the ALJ did not reference the controlling regulation, 20 C.F.R. § 404.1535. *See Brueggemann*, 348 F.3d at 693-95; *Williams v. Barnhart*, 338 F.Supp.2d 849, 862 (M.D. Tenn. 2004); *Major v. Astrue*, 2011 WL 3566778, *6-8 (S.D. Ohio Jun. 30, 2011). Such errors are not harmless. Like in *Brueggemann*, "[t]he nature of the ALJ's abbreviated decision-making on the [substance abuse] issue deprives us (and the Commissioner) of a solid record on this point." *Id.* at 695.

The Commissioner relies on two cases in which the Sixth Circuit found that an ALJ may look to periods of sobriety to determine whether a claimant suffered from a work-limiting illness independent of substance abuse. *See Bartley v. Barnhart*, 117 Fed. Appx. 993, 998 (6th Cir. 2004); *Monateri v. Comm'r of Soc. Sec.*, 2011 WL 3510226 *8 (6th Cir. 2011). These cases,

10

however, are distinguishable. In the instant matter, the ALJ did not attempt to separate the periods of sobriety to determine whether Cain was impaired, but concluded in a single analysis that Cain's "functionality would likely improve significantly were she to refrain from substance use/abuse, and to pursue and comply with rehabilitative treatment." (Tr. 21.)

Cain can be awarded benefits only if proof of her disability is "compelling." *Facer v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and award benefits only if all essential factual issues have been resolved and proof of disability is compelling). When the ALJ misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded for further consideration. As such, the Court will not address whether the ALJ substituted her opinion for those of the treating physicians.

## VIII. Decision

For the foregoing reasons, the Court finds the decision of the Commissioner not supported by substantial evidence. Accordingly, the case should be remanded, pursuant to 42 U.S.C. § 405(g) sentence four,[4] for further proceedings consistent with this Report and Recommendation.

s/ Greg White
United States Magistrate Judge

Date: 01/17/2012

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right**

---

[4]Under sentence four of 42 U.S.C. § 405(g), the district court has the authority to reverse, modify, or affirm the decision of the Commissioner. This may include a remand of the case back to the Commissioner for further analysis and a new decision. A sentence four remand is a final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 97-102, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947** (**6th Cir. 1981**). *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**